UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 FEB 17 P 12: 48

ELIZABETH A. MARCZESKI,    : CIVIL NO. 3:01CV01437 (AHN)(HBF)
   Plaintiff,

v.

SUSAN B. HANDY, ET. AL.,   : FEBRUARY 13, 2004
   Defendants.

## REQUEST

1. In reference to the Defendants Motion to Strike my Summary Judgment in its entirety, I am respectfully requesting that the Court tell me what I did wrong for the defendants motion to strike.

2. The counsel for the defendants cited Rule 5 of the F.R.C.P. which indicates "notice of service:.

3. On the 13th of Feb 2004, I received a certified letter from the defendants attorney (Exhibit A).

4. I did sent counsel for the defendants by "notice of service" my dispositive motion for Summary Judgment as well as the Court. If the defendants claim they did not receive the document, then why did the defendants wait 5 months to bring this matter to the Court?

5. I have always given the Court and Counsel for the defendants each document that has been entered into Court. I had no idea that perhaps in the very onset of this civil action, I should had sent all documents to the defendants counsel by certified

Courtesy copy to: Honorable H. B. Fitzsimmons

1.

mail. I had no idea that the defendants would claim that they did not receive my Summary Judgment. I do have a Postal Receipt of sending the document to the Court and to counsel for the defendants.

6. If counsel for the defendants did not receive the document, then it would had been returned to me. No document has ever been returned to me by the defendants.

7. I am lost in what counsel for the defendants is claiming. I request that the Court if possible explain the matter to me.

Respectfully submitted,

*[signature]* 2/13/04
Elizabeth Marczeski
206 B Nautilus Dr. #104
New London, CT 06320
(860) 440-3541

2

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed by U.S. Mail, certified mail with return receipt #7003 1680 0006 5724 1033 on this 14th day of February, 2004, to the following.

Daniel Shapiro
AAG
55 Elm St., 5th Floor
Hartford, CT  06141-0120

*Elizabeth S. [signature]*    2/13/04
Elizabeth Marczeski
206 B Nautilus Dr. #104
New London, CT  06320
(860) 440-3541

EXHIBIT A

Case 3:01-cv-01437-AHN    Document 79    Filed 02/17/2004    Page 4 of 7

RICHARD BLUMENTHAL
ATTORNEY GENERAL



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
**State of Connecticut**

Tel: (860) 808-5210
Fax: (860) 808-5385

February 11, 2004

VIA FIRST CLASS MAIL AND CERTIFIED MAIL NO. 7099 3400 0015 3667 2303
(Return Receipt Requested)

Elizabeth Marczeski
206-B Nautilus Drive,
Unit 104
New London, CT 06320

RE: Marczeski v. Handy et al., No. 3:01CV1437 (AHN)

Dear Ms. Marczeski:

    As you know, I represent the defendants, except for the Honorable Judge Handy and Assistant State's Attorney Steere, in the above-referenced matter.

    Enclosed please find a copy of the "Notice to Counsel and Pro Se Parties." This document is published by the United States District Court, District of Connecticut, and it contains important information about filing and responding to motions for summary judgment.

Sincerely,

Daniel Shapiro
Assistant Attorney General

DISTRICT OF CONNECTICUT

| 141 CHURCH STREET | 450 MAIN STREET | 915 LAFAYETTE BLVD | 14 COTTAGE PLACE |
| NEW HAVEN, CT 06510 | HARTFORD, CT 06103 | BRIDGEPORT, CT 06604 | WATERBURY, CT 06702 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 | (203) 597-6311 |

### NOTICE TO COUNSEL AND PRO SE PARTIES

THE ATTACHED CASE HAS BEEN ASSIGNED TO DISTRICT JUDGE ALAN H. NEVAS WHO SITS IN BRIDGEPORT. COUNSEL AND PRO SE PARTIES SHOULD FILE ALL FUTURE PLEADINGS OR DOCUMENTS IN THIS MATTER WITH THE CLERK'S OFFICE IN BRIDGEPORT. ANY ATTEMPT TO FILE PLEADINGS OR OTHER DOCUMENTS RELATED TO THIS ACTION IN ANY OF THE OTHER SEATS OF COURT WILL RESULT IN THOSE PLEADINGS OR DOCUMENTS BEING REFUSED AT THE COURT OR BEING RETURNED TO YOUR OFFICE. SEE D.CONN. L. CIV. R. 3(a).

COUNSEL AND PRO SE PARTIES ARE REQUIRED TO BECOME FAMILIAR WITH AND ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CIVIL PROCEDURE FOR THE DISTRICT OF CONNECTICUT AND STANDING ORDERS REGARDING SCHEDULING IN CIVIL CASES AND THE FILING OF TRIAL MEMORANDA.

COUNSEL AND PRO SE PARTIES ARE HEREBY NOTIFIED THAT FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION, WITHIN 21 DAYS AFTER THE MOTION IS FILED, MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION. FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION TO DISMISS WITHIN 21 DAYS AFER THE MOTION IS FILED MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION, EXCEPT WHERE THE PLEADINGS PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION. SEE D.CONN. L. CIV. R. 7(a)1

COUNSEL AND PRO SE PARTIES ARE FURTHER NOTIFIED THAT THEY ARE REQUIRED TO COMPLY WITH REQUIREMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT AS SET FORTH IN FED. R. CIV. P. 56 AND D.CONN. L. CIV. R. 56. A PARTY MAY MOVE FOR SUMMARY JUDGMENT WHEN THAT PARTY BELIEVES THERE IS NO GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL AND THE PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. THE MOTION MAY BE DIRECTED TOWARD ALL OR PART OF A CLAIM OR DEFENSE AND IT MAY BE MADE ON THE BASIS OF THE PLEADINGS OR OTHER PORTIONS OF THE RECORD IN THE CASE OR IT MAY BE SUPPORTED BY AFFIDAVITS AND OTHER MATERIALS OUTSIDE THE PLEADINGS.

WHEN A PARTY SEEKING SUMMARY JUDGMENT (THE "MOVING PARTY") FILES A SUPPORTING AFFIDAVIT, THE PARTY OPPOSING SUMMARY JUDGMENT MUST FILE AN AFFIDAVIT, OR OTHER DOCUMENTARY EVIDENCE, CONTRADICTING THE MOVING PARTY'S SUBMISSIONS TO DEMONSTRATE THAT THERE ARE FACTUAL ISSUES REQUIRING A TRIAL. FACTS ASSERTED IN THE AFFIDAVIT(S) OF THE MOVING PARTY WILL BE TAKEN AS TRUE IF NOT CONTROVERTED BY COUNTER-AFFIDAVITS OR OTHER DOCUMENTARY EVIDENCE.

LOCAL CIVIL RULE 56(a) REQUIRES THE PARTY SEEKING SUMMARY JUDGMENT TO FILE A DOCUMENT ENTITLED "LOCAL RULE 56(a)1 STATEMENT," WHICH SETS FORTH IN SEPARATELY NUMBERED PARAGRAPHS A CONCISE STATEMENT OF EACH MATERIAL FACT AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED. THE MATERIAL FACTS SET FORTH IN THIS STATEMENT SHALL BE DEEMED ADMITTED UNLESS CONTROVERTED BY THE "LOCAL RULE 56(a)2 STATEMENT" REQUIRED TO BE SERVED BY THE OPPOSING PARTY. THE PARAGRAPHS IN THE 56(a)2 STATEMENT SHALL CORRESPOND TO THE PARAGRAPHS IN THE 56(a)1 STATEMENT AND SHALL STATE WHETHER THE FACTS ASSERTED BY THE MOVING PARTY ARE ADMITTED OR DENIED. THE LOCAL RULE 56(a)2 STATEMENT MUST ALSO INCLUDE IN A SEPARATE SECTION A LIST OF EACH ISSUE OF MATERIAL FACT AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE TRIED.
(OVER)

(Revised 1/2/03)

COUNSEL AND PRO SE PARTIES ARE ALERTED TO THE REQUIREMENTS OF FED. R. CIV. P. 26(f) AND LOCAL CIVIL RULE 26, WHICH REQUIRE THAT THE PARTIES CONDUCT A CASE MANAGEMENT PLANNING CONFERENCE AND PREPARE AND FILE A REPORT OF THE CONFERENCE ON FORM 26(f) WHICH APPEARS IN THE APPENDIX TO THE LOCAL RULES.

COUNSEL AND PRO SE PARTIES ARE FURTHER ADVISED THAT THEY MAY REQUEST A REFERRAL OF THEIR CASE TO A UNITED STATES MAGISTRATE JUDGE FOR DISPOSITION. SEE 28 U.S.C. 636 AND RULE 77.2 OF THE LOCAL RULES FOR UNITED STATES MAGISTRATE JUDGES.

KEVIN F. ROWE, CLERK