UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 AUG -3 A II: 21
U.S. DISTRICT COURT

ELIZABETH A. MARCZESKI     :
                           :
V.                         :    CIV. NO. 3:01cv01437(AHN)(HBF)
                           :
SUSAN B. HANDY, ET AL.     :
                           :
                           :

ORDER OF NOTICE TO PRO SE LITIGANT

On February 6, 2004, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. **[Doc. #72]**. On March 1, 2004, plaintiff filed her response to Defendants' Local Rule 56(a) Statement **[Doc. #82]**. However, in her response plaintiff failed to adhere to Local Civil Rule 56(a)(2).[1] In addition, it appears that plaintiff has confused the standard of law for summary judgment with that for a 12(b)(6) motion to dismiss.[2] Therefore, the court provides plaintiff with the following notification of the rules that govern Fed. R. Civ. P. 56 motions.

Pursuant to <u>Vital v. Interfaith Medical Ctr.</u>, 168 F.3d 615 (2d Cir. 1999) and <u>McPherson v. Coombe</u>, Docket No. 98-2635, 1999 WL 235771, (2d Cir. Apr. 22, 1999), the court gives notice to plaintiff that any factual assertions in the documents accompanying the defendants motion will be accepted as true

---

[1] For example, plaintiff failed to admit or deny **each** fact asserted in Defendants' Local Rule 56(a)1 Statement. See Plaintiff's Response to Defendants' Local Rule 56(a)1 **[Doc. #82]**. Plaintiff also failed to provide specific citations to evidence in the record that support the denials she asserted in her Response to Defendants' Local Rule 56(A) Statement.
[2] See, e.g., Plaintiff's Motion to Object to Defendants' Motion of Summary Judgment at 4, 13 **[Doc. #80]**.

unless the plaintiff files affidavits or other documentary evidence to contradict defendants' assertions. Plaintiff may not simply rely on her complaint, nor is a memorandum sufficient to oppose defendants' motion. Plaintiff must respond to the motion for summary judgment with affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.[3]

Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 56(a)(2) of the United States District Court for the District of Connecticut. That rule requires a party opposing summary judgment to include in her opposition papers a "Local Rule 56(a)(2) Statement." The Local Rule 56(a)(2) Statement is in response to the moving party's

---

[3] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

56(a)(1) Statement of Material Facts which sets forth the facts which the moving party contends are undisputed. Plaintiff must state whether she admits or denies each such fact and must provide specific citations to the evidence when denying any fact. Plaintiff's 56(a)(2) statement must also list in a separate section each issue of material fact which plaintiff contends must be tried. If plaintiff does not file a 56(a)(2) statement, all material facts set forth in the moving party's Rule 56(a)(1) statement will be deemed admitted.

Any affidavits or other documentary evidence that plaintiff wishes to submit in opposition to the motion for summary judgment must be filed on or before **Friday, August 13, 2004.**

SO ORDERED at Bridgeport this __30__ day of July 2004.

_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE