UNITED STATES DISTRICT COURT
DISTSRICT OF CONNECTICUT

ELIZABETH A. MARCZESKI,   : CIVIL NO, 3:01CV01437 (AHN)(HBF)
   Plaintiff,

v.

SUSAN B. HANDY, ET.AL.,   : SEPTEMBER 26, 2004
   Defendants.

## OBJECTION TO SUMMARY JUDGMENT

OPENING STATEMENT:

1. I am disappointed in the out come of the summary judgment where the defendants won total summary. I expected to loose some but not all. I expected to get at least a partial summary judgment. Thus, the clear message is that while incarcerated at CVH, I have no rights, I can be subjected to cruel and unusual punishment such as sexual harassment and groping, being assaulted, deprived of food (I ate cookies and milk and gained 45 lbs to survive), deprived of medical care, not getting a back board for 3 weeks not 7 days, and not allowed to see a priest or rabbi to comfort me while at CVH> Also, having a CVH guard deny me of my biopsy of the right breast and the defendants defying a "stipulation" set by Judge Handy that I have my knee surgery was a condition of me going to CVH. Knox stated CVH would obey the stipulation, only to renege on the stipulation later. In others words lie.

2. The only winners here are the defendants who lied their way through this

Copy to : Honorable H. B. Fitzsimmons

1

civil action by means of perjury. The winners lie to win and me being honest and telling the truth makes me a loser.

3. This court in rendering its decision has just made cruel and unusual punishment legal as I have no rights.

OBJECTION TO SUMMARY JUDGMENT:

1. I presented real genuine issues of material facts supported by the Defendants own Exhibit (A).

2. I tried to get sworn statements but everyone of my witness list is still on vacation. (Carol Richards, Joann Sligar could not notarize due to license expiring).

3. Carol is still going to write testimony for me as to the policy that being assigned to Puglisi while he went on a lengthy vacation, CVH would have given me a new monitor.

4. I presented real genuine issues of material : grievances (original), defendants own Exhibit A, and medical documentation from Dept of Mental Health Authority that I have a clean bill of help by a Dr. Pinchay. U saw him twice and these were exhibits to proved I did infact see Pinchay 3 times and he knew of my civil matter. Pinchay was present as while as Carol Richards.

5. Judge Handy would testify that there was a "stipulation" and that if that stipulation was not granted by Knox. Handy was not going to sent me to CVH.

6. Wakins testimony would state the stipulation and her phone calls to me at CVH>

7. All genuine issues of material facts were supported by the defendants own exhibit A.

8. The Court is required to accept as true all factual allegation of the complaint and must draw all reasonable inference in favor of the plaintiff. *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2nd Cir), cert. denied, 513 U.S. 836 (1994).

9. The Court notes that this standard is "applied with even greater force when the plaintiff alleges civil rights violations or where the complaint is submitted 'pro se' complaint, the Court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) see also *Branham b Meachum*, 77F.3d 787, 790 (2nd Cir. 1994).

OBJECTION TO WITNESSES

1. I object to witness Brady, the patient advocate. He did not investigate my grievances but merely looked into my medical record that is over 21 years old and incorrect. This statement can be supported by defendants own exhibit A.

2. Kim Mckeon never signed the sworn document. I only met her to find out how I could get out of CVH and she sent a therapist to examine me and he stated that I could do the competency test at home.

3. Dr. Pinchay, I saw him on 3 occasions with a Carol Richards. On the last visit of July 2002, Pinchay gave me a clean bill of health. This was supported by own Exhibit of medical record at DSHMA (Dept. of mental health authority).

Plaintiff's Stay at CVH Objection

1. page 13 of decision of summary judgment, I did not get my backboard in 7 days upon arrival. And I did not get my inhaler as shown. The trick to the chart is that I was given the inhaler in the day time which the chart reflects, but I was denied my inhaler at 3am or 4am in the morning.

3

2. I never got the shampoo or soap. The defendants are telling an untruth.

3. I did pass the competency test on July 29, 1999. Puglisi asked me about the horrible tradegy that just happened and I said JFK Jr. and his wife and her sister died in a plane crash.

4. Franco did not monitor me but merely looked at my medical record. Monitors are to perform competency testing with the patient at least one a week. I saw no one and not even the medical team.

5. Deshpande gave Olanzaphine to ALL patients at CVH in order to get the gov't to pay for my incarceration. The drug impaired by thinking and made me plea to a crime I did not commit and vaguely remember pleading.

6. Despande continued to use the 21 year old medical record that is in the State Computer and is out dated. By law I have to be up-dated every 6 months and so far I do not need medication for over 3 years and I have no mental problems.

7. Never met Dr. Callinan in my life. He did not evaluate me. It is called a means and way to make the plaintiff take a anti-psychotic for which I do not suffer from.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1. I, Elizabeth Marczeski, attest that the facts entered in Court were true and truthful support by Defendants Exhibit A and mine exhibit from DSMHA. The Court is required to accept as true all factual allegations of the complaint and must draw al reasonable inferences in favor of the Plaintiff. *Hernandez v. Coughlin*, 18 F.3d 133, 136, (2d Cir.), cert. denied, 513 U.S. 836 (1994).

2. In this civil action, I believe that court has been lax with the defendants by

giving them way too many extensions to do or seek strategy for new law and research. As pro se, I was not given any latitude at all. At one point the defendants wanted to settle but decided not to settle because I am not on the State for any finacial purpose. Your Honor gave the defendants via 3-way conversation the defendants 30 day extension to do discoveries which turned out to be 2 years of the defendants doing nothing.

3. The defendants were represented in an official capacity not individual. The defendants were required to get their own attorney and signed a paper for Shapiro to represent them in an official capacity. I was suing the defendants in their individual capacity.

TREATMENT OF PLAINTIFF

1. I was assaulted and documented by defendants exhibit A.

2. I did not get my backboard in 7 days, (it took 7 days for CVH to order a backboard as the warehouse was out of backboards.

3. I was given medication that impaired my thinking as the catch 22 theory, if I do not take the medication, I do not get out of CVH. My rights were violated as the Supreme Court ruled on state and the requirement of medication. I did not have to take the medication but did so I could get out.

4. I do not know who got the shampoo and soap but it was not me. This is supported by defendants exhibit A.

5. The industrial soap has thinned my hair out where I am going bald and that is supported by defendants exhibit A.

6. I ate cookies and drank milk to feed me. That is how I gained 45 lbs. Also

Olanzaphine's side effet is weight gain.. Supported by documentation VA medical terminology of olanzaphine is for shchizophrenia vs. CVH's version that olanzaphine is for mood swings.

7. There was a violation of my personal security at CVH. With a co-ed ward, the defendants should had expected trouble with men and women on the same floor and ward. Sexual harassment and groping. Supported by grievances.

8. The defendants knew there would be a high risk of danger to anyone because the ward was co-ed. And people did have sex.

WITNESSES

1. I thought witnesses were for trial.

2. I was not aware that I had to get a statement from them.

3. Shapiro prevented me from calling the Commissioner as well has he called my witnesses without my knowledge. Shapiro stated that I could call no one on any list. That he would take care of it.

4. The only witness I have is myself and Joan Sligar.

5. Sligar was not able to notarize her statement due to her license being expired.

6. Let the court note that McKeon took her sworn statement without her signature.

    WEREFORE, I plead with the Court to give me at least partial summary judgment that is due me.

Respectfully submitted,

*[signature]* 9/26/04

Elizabeth Marczeski, 206 B Nauitlus Dr. #104, New London, CT 06320
(860) 440-3541

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed by U.S. Mail, first class on this 27th day of September, 2004 to the following:

Daniel Shapiro
AAG
55 Elm St., 5th Floor
Hartford, CT  06141-0120

*Elizabeth Marczeski*  9/24/04
Elizabeth Marczeski
206 B Nautilus Dr. #104
New London, CT  06320
(860) 440-3541

EXHIBIT (A)

WITNESSES: JOANN SLIGAR
ELIZABETH MARCZESKI (SELF)

## JOANN SLIGAR

1. I, Joann Sligar, reside at 87 Niles Hill Road, New London, CT 06320.

2. I graduated from high school and took come college courses.

3. During July and August of 1999, my mother (Norma) and I went to visit Liz Marczeski at Connecticut Valley Hospital (CVH).

4. In August, during a visit, I was told by a staff member that I could no longer visit Liz. A Bill Brady phoned my home and relayed the same message of not to visit Liz.

5. During the August visit, I noticed that Liz's arm was injured. Liz states that a patient assaulted her. I have known Liz for over 14 years and have known her to be honest.

6. Liz has been unable to clean her apt. due to the arm injury and injury to her left knee.

7. On another visit, Liz was concerned that she could not see a priest. I was shocked that CVH would deny such a viable right.

8. I attest the following is a true and truthful statement.

*Joanne L. Sligar*
9-22-04

## JOANN SLIGAR

1. I, Joann Sligar, reside at 87 Niles Hill Road, New London, CT 06320.

2. I graduated from high school and took come college courses.

3. During July and August of 1999, my mother (Norma) and I went to visit Liz Marczeski at Connecticut Valley Hospital (CVH).

4. In August, during a visit, I was told by a staff member that I could no longer visit Liz. A Bill Brady phoned my home and relayed the same message of not to visit Liz.

5. During the August visit, I noticed that Liz's arm was injured. Liz states that a patient assaulted her. I have known Liz for over 14 years and have known her to be honest.

6. Liz has been unable to clean her apt. due to the arm injury and injury to her left knee.

7. On another visit, Liz was concerned that she could not see a priest. I was shocked that CVH would deny such a viable right.

8. I attest the following is a true and truthful statement

*JoAnne L. Sligar*
Joann Sligar

NOTARY        9-22-04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH A. MARCZESKI,  : CIVIL NO 3:01CV01437 (AHN) (HBF)
Plaintiff,

v.                        : AUGUST 10, 2004

SUSAN B. HANDY, ET AL.,   :
Defendants.

MOTION FOR SUMMARY JUDGMENT BASED ON GENUINE FACTS OF MATERIAL ISSUE.

1. Plaintiff moves for the entry of a summary judgment in favor of the plaintiff and against the defendants on the grounds that there ARE real genuine issues of material facts and the plaintiff is entitled to judgment as a matter of law. The motion is based upon the pleadings, affidavits (there were no depositions), and answers to written interrogatories file in this cause including affidavit attached hereto as Exhibit A (grievances filed with Mullaney at CVG- he has his copy and I have the carbon copy [yellow]).

2. In the alternative, if judgment is not rendered upon the whole or for all the relief asked and a trial is necessary, the Court at the hearing of the motion, by examine the pleadings and evidence before it and by interrogating counsel and the parities ascertain what material facts exist without substantial controversy and what material facts are actual and in good faith controverted, and make an order specifying the facts that appear without substantial controversy, and

Copy to: Honorable H. B. Fitzsimmons

directing such further proceedings in the action as may be just and proper.

3. I continue to maintain that there are REAL genuine issues of material facts and the plaintiff is entitled to a judgment as a matter of law. (see exhibit A).

4. Grievances are considered evidence for instance, at York Prison in Niantic, CT, a prisoner made a grievance which was investigated by State Troopers and as a result, the Commissioner was fired who controls the prison and certain guards were fired and prosecuted for having sex with inmates. The grievances are accepted as evidence by the State of Connecticut, however, Mullaney passed my grievances onto a Brady who did not investigate but merely looked at my medical record and felt I was paranoid.

5. The court is required to accept as true all factual allegations of the complaint and must draw all reasonable inferences in favor of the plaintiff. Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U. S. 836 (1994)

6. The Court notes that this standard is "applied with even greater force when the plaintiff alleges civil rights violations or where the complaint is submitted "pro se" complaint, the Court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972)' see also Branham v. Meachum, 77 F.3d 787, 790 (2nd Cir. 1994).

7. Find the Enclosed Exhibits A to A and AA to ZZ. There will be an explanation for each Exhibit that is provided by the defendants themselves that will show I was assaulted, sexually groped and harassed, my bed was never removed (feces and urine), industrial soap that made my skin bleed, the lack of nutrition (starved), the violation of my rights to privacy and CVH violating those

rights, the surgery that was a stipulation but CVH reneged on, that olanzphine was increased, and that Despande used a 21 year old medical record to make and support her diagnosis of me while at VH.

I attest the foregoing is truthful and correct  *Elizabeth G. Z.*  8/11/04

Respectfully Submitted,
*Elizabeth G. Z.*  8-10-04
Elizabeth A. Marczeski
206 B Nautilus Dr. #104
New London, CT  06320
(860) 440-3541

NOTARY *Rhonda L. Ex*

Rhonda L. Exum
Notary Public, State of Connecticut
Commission Expires on February 28, 2008